UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| DON KARL JURAVIN, | Case No. 6:18-bk-06821-LVV |
| Debtor. | Case No. 6:20-bk-01801-LVV |
| _____/ | *Jointly Administered with* |
| MUST CURE OBESITY, CO., Case No. 6:18-bk-01801-LVV | Case No. 6:18-bk-06821-LVV |
| Applicable Debtor. | |
| _____/ | |
| DENNIS D. KENNEDY, AS CHAPTER 7 TRUSTEE OF THE ESTATE OF MUST CURE OBESITY, CO., | Adv. Pro. No. _____ |
| Plaintiff, | |
| v. | |
| GREEN BY PHONE, INC. D/B/A GREEN.MONEY, | |
| Defendant. | |
| _____/ | |

**COMPLAINT**

Dennis D. Kennedy, as Chapter 7 Trustee for the Estate of Must Cure Obesity, Co. ("Trustee"), through counsel, hereby files this Complaint for Turnover against Green by Phone Inc. d/b/a Green.Money pursuant to 11 U.S.C. § 542, and in support thereof, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28

U.S.C. §§ 1334 and 157.

2. Venue is proper in this district under 28 U.S.C. § 1409.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (E), and (H).

## BACKGROUND

*The Debtor's Business Affairs.*

4. The Debtor is one of many entities, including Roca Labs, Inc. ("Roca Labs"); Roca Labs Nutraceutical USA, Inc. ("RLN"); Juravin, Incorporated ("JINC"); and Zero Calorie Labs, Inc. ("ZCL"), owned, operated, and controlled by Don K. Juravin ("Juravin") at all times material hereto. The Debtor, Roca Labs, RLN, JINC, ZCL, are all collectively referred to herein as the "Juravin Entities"

5. The Debtor, Juravin, and the Juravin Entities were involved in selling weight loss products and providing services relating to weight loss software development.

6. At all times material hereto, the Debtor, Juravin, and the Juravin Entities were involved in the advertisement, marketing, and promoting of dietary supplements and food products, including the Roca Labs "Formula" and "Anti-Cravings" powder, to consumers throughout the United States as a safe and cost-effective alternative to gastric bypass surgery to combat obesity and achieve substantial weight-loss.

7. The Debtor, Juravin, and the Juravin Entities accepted consumer payments to Juravin and/or the Juravin Entities for such products, and paid operational expenses on behalf of Juravin and/or the Juravin Entities in connection with the advertising, marketing, promotion, and sale of such products.

8. Individual consumers each paid Debtor, Juravin, and the Juravin Entities hundreds

of dollars for these worthless weight loss products which were nothing more than a fake medical regime purportedly designed to help consumers lose weight.

9. The Debtor, Juravin, and the Juravin Entities intended to deceive consumers by marketing the bogus weight-loss products so that the consumers would buy those bogus products, thereby enriching Juravin and the Juravin Entities.

10. At all times material hereto, acting alone or in concert with others, Debtor, Juravin, and the Juravin Entities formulated, directed, controlled, had the authority to control, or participated in the false advertising and other deceptive business practices perpetrated by the Juravin Entities.

11. Debtor, Juravin, and the Juravin Entities operated as a common enterprise while engaging in deceptive business practices and fraudulent activities.

12. The Debtor, and each of the Juravin Entities, was created to further the deceptive and fraudulent weight-loss scam, or to conceal funds of the scam or of other scams created or perpetrated by Juravin.

13. The Debtor, and each of the Juravin Entities, was created, formed, and operated for an improper purpose.

14. At all times material hereto, Juravin had authority and control over the Juravin Entities, including without limitation the Debtor.

15. At all times material hereto, the Juravin Entities, including without limitation the Debtor, were mere instrumentalities of Juravin.

16. At all times material hereto, Juravin used the financial accounts of the Juravin Entities, including without limitation the financial accounts of Debtor, as his own personal piggy bank.

17. At all times material hereto, Juravin maintained control of the accounts of the Juravin Entities, including without limitation the Debtor.

18. At all times material hereto, Juravin transferred substantial funds between and among the bank accounts of Debtor, Juravin, and the Juravin Entities.

19. For example,[1] from October 31, 2014 to October 31, 2018, the following transfers occurred:

   a. at least $2,202,915.58 from Juravin's personal accounts to accounts held by the Debtor;

   b. at least $2,833,206.28 from the Debtor's accounts to Juravin's personal accounts;

   c. at least $1,000,077.00 from the Debtor's accounts to RLN's accounts;

   d. at least $2,005,557.00 from Juravin's personal accounts to RLN's accounts;

   e. at least $587,392.15 from RLN accounts to Juravin's personal accounts;

   f. at least $476,710.05 from the RLN accounts to the Debtor's accounts;

   g. at least $964,400.00 from Juravin's personal accounts to accounts held by RLN.

20. From November 1, 2012 to January 29, 2016, Juravin transferred at least $1,834,731.43 from RLN's accounts to Juravin's personal accounts, and at least $1,160,100.00 from RLN's accounts to JINC's accounts.

21. Due to the Debtor's, Juravin, and the Juravin Entities' intermingled accounts, and the extent of the transfers between and among such accounts, a transfer from any account associated with Juravin or a Juravin Entity constitutes a transfer of property of the Debtor.

---

[1] The specific transfers referenced in this paragraph and the following paragraph are meant as examples only. Juravin failed to adequately respond to discovery in this case and the Trustee obtained a "break order" (Doc. No. 502) to gain access to the Debtor's electronic records. The Trustee is in the process of reviewing those records, which will likely disclose more transfers of this type.

## PROCEDURAL HISTORY

*The FTC Case.*

22.     On September 24, 2015, the Federal Trade Commission ("FTC") filed a Complaint for Permanent Injunction and Other Equitable Relief, initiating case number 8:15-cv-02231, in the United States District Court for the Middle District of Florida ("FTC Case"), against Roca Labs; RLN; Don Juravin; and George C. Whiting, alleging claims for deceptive trade practices under Sections 5(a) and 12 of the Federal Trade Commission Act.

23.     On February 19, 2016, the FTC filed an Amended Complaint to name additional defendants: MCO; JINC; and ZCL.

24.     The FTC alleged that Juravin and the Juravin Entities falsely or deceptively advertised their weight-loss products, causing over $25 million in consumer injury.

25.     The FTC also alleged Juravin and the Juravin Entities unfairly used non-disparagement clauses in their sale terms for these products as part of their scheme, purporting to prohibit consumers from making truthful or non-defamatory negative comments or reviews about Juravin and the Juravin Entities, their products, or their employees.

26.     The District Court entered a temporary restraining order against Juravin and the Juravin Entities to halt their fraudulent scheme, and later entered a preliminary injunction and asset freeze order.

27.     In April 2018, the FTC moved for summary judgment against Juravin and the Juravin Entities on all counts, including the FTC's claim for monetary relief.

28.     Juravin and the Juravin Entities, which were represented by counsel throughout the FTC Case, opposed the FTC's motion and moved for partial summary judgment solely on the unfair non-disparagement clause claim.

29. In September 2018, the District Court issued an order granting summary judgment to FTC on all counts as to liability, but requiring further briefing as to the amount of monetary relief.

30. The District Court denied the motion for partial summary judgment by Juravin and the Juravin Entities.

31. In the Summary Judgment Order, the District Court found that Juravin and the Juravin Entities were liable for violating Sections 5 and 12 of the FTC Act because they:

   a. made false and unsubstantiated weight-loss claims about their products;

   b. falsely claimed that use of their products was scientifically proven to have a ninety-percent success rate in forcing users to eat half their usual food intake and cause substantial weight loss;

   c. deceptively failed to disclose their financial relationship to testimonialists who worked for them, and their control of a supposedly independent and objective information website that they used to promote their products;

   d. misrepresented the nature of that purportedly independent site;

   e. misrepresented that they would keep their customers' private health information confidential;

   f. misrepresented that consumers had agreed to non-disparagement clauses in exchange for a substantial discount on the products;

   g. unfairly suppressed negative information about Juravin and the Juravin Entities and their falsely advertised products, to the detriment of subsequent purchasers, by making threats to sue, and filing of lawsuits against, dissatisfied consumers for violating non-disparagement clauses in their online sales contracts.

32. The Honorable Mary Scriven of the United States District Court for the Middle District of Florida found Juravin jointly and severally liable with the Juravin Entities for their deceptive conduct because they operated as a common enterprise under Juravin's ownership and control, with common officers, business functions, employees, and office locations, Juravin knew about the false and deceptive representations, Juravin participated in the deceptive acts, and Juravin had authority to control the Juravin Entities.

33. On November 6, 2018, the District Court issued an order for $25,246,000.00 in monetary relief against Juravin and the Juravin Entities.

34. On January 4, 2019, the District Court entered a permanent injunction and a Final Judgment against Juravin and the Juravin Entities in the amount of $25,246,000.00 ("FTC Final Judgment").

35. On October 27, 2020, following a two-day trial conducted by this Court, the Honorable Karen S. Jennemann entered a Memorandum Opinion finding Juravin intentionally tricked customers into buying the weight-loss products through consistent and repeated misrepresentations, and intended to deceive customers of the Juravin Entities.

36. This Court found the FTC Final Judgment non-dischargeable as against Juravin.

### *The Juravin Bankruptcy Case.*

37. On October 31, 2018 (the "Juravin Petition Date"), Juravin filed a Chapter 7 bankruptcy case (the "Juravin Bankruptcy Case").

38. The Trustee was duly appointed as the Chapter 7 Trustee.

39. On September 16, 2019, upon Juravin's motion, the Juravin Bankruptcy Case was converted to Chapter 11 from Chapter 7.

40. On March 16, 2020, after sustaining all objections to confirmation of Juravin's

proposed Chapter 11 plan and finding that Juravin "is unable to articulate any reasonable way to succeed in [the] Chapter 11 case", the Court re-converted the case back to Chapter 7.

41.    On October 5, 2020, the United States Trustee conducted a chapter 7 trustee election.

42.    Trustee was duly elected as Chapter 7 Trustee.

### *The MCO Bankruptcy Case.*

43.    On January 31, 2020 (the "MCO Petition Date"), the Debtor filed a voluntary Chapter 11 bankruptcy case, case number 6:20-bk-1801 (the "MCO Bankruptcy Case").

44.    On May 29, 2020, the MCO Bankruptcy Case converted from Chapter 11 to Chapter 7.

45.    On May 29, 2020, Trustee was appointed as the Chapter 7 Trustee.

46.    On November 19, 2020, the Court ordered the Juravin Bankruptcy Case and the MCO Bankruptcy Case to be jointly administered.

### *The Refund.*

47.    At or before the MCO Petition Date, the Debtor had an account with Green.Money ending in 7630.

48.    On the Debtor's Petition and Schedules filed in the MCO Bankruptcy Case, the Debtor states that it is owed a refund from Green.Money in the amount of $12,000 (the "Refund"). (Doc. No. 1).

49.    Prior to the Petition Date, the Refund was property of the Debtor.

50.    As such, the Refund now constitutes property of the Estate.

## **COUNT 1: TURNOVER – 11 U.S.C. § 542**

51. The Trustee adopts and realleges paragraphs 1 through 50 as if fully set forth herein.

52. This is an action for turnover pursuant to Section 542 of the Bankruptcy Code.

53. The Refund, in the amount of at least $12,000.00, constitutes property of the Estate to be recovered and administered by the Trustee pursuant to Section 541 of the Bankruptcy Code.

54. The Refund is subject to administration by the Trustee, including the payment of creditors.

55. Green.Money has an obligation to preserve the status quo as of the MCO Petition Date and to turn over the Refund to the Trustee.

56. The Refund constitutes property of the Estate to be recovered and administered by the Trustee pursuant to Section 541 of the Bankruptcy Code.

57. As a result of the foregoing, pursuant to Section 542 of the Bankruptcy Code, the Trustee is entitled to the immediate turnover of Refund.

WHEREFORE, the Trustee respectfully requests the Court to enter a judgment in favor of the Trustee and against Green.Money (i) declaring that the Refund be immediately delivered and turned over to the Trustee; and (ii) granting such other and further relief as may be just and proper.

Dated January 30, 2022.

        /s/Lauren M. Reynolds
        Bradley M. Saxton, Esquire
        Florida Bar No. 0855995
        bsaxton@whww.com
        Lauren M. Reynolds, Esquire
        Florida Bar No. 112141
        Lreynolds@whww.com
        **Winderweedle, Haines, Ward**
          **& Woodman, P.A.**
        Post Office Box 880
        Winter Park, FL 32790-0880
        (407) 423-4246

(407) 645-3728 (facsimile)
Attorneys for Dennis D. Kennedy, Trustee

-and-

/s/*James D. Ryan*
James D. Ryan, Esquire
Florida Bar No. 0976751
jdr@ryanlawgroup.net
lauren@ryanlawgroup.net
**Ryan Law Group, PLLC**
636 U.S. Highway One, Suite 110
North Palm Beach, FL 33408
Main: (561) 881-4447   Fax: (561) 881-4461
Special Counsel to Dennis D. Kennedy, Trustee