# U.S. Bankruptcy Court
## Middle District of Florida

In re:  
**DON KARL JURAVIN**  
Debtor

Bankruptcy Case No. **6:18-bk-06821-LVV**

Adversary Proceeding No. **6:22-ap-00010-LVV**

**DENNIS D. KENNEDY, TRUSTEE**  
Plaintiff  
v.  
**GREEN BY PHONE, INC. D/B/A GREEN.MONEY**  
Defendant

## *SUMMONS IN AN ADVERSARY PROCEEDING*

**YOU ARE SUMMONED** and required to submit a motion or answer to complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

| Address of Clerk |
|---|
| Clerk, U.S. Bankruptcy Court<br>Middle District of Florida<br>400 West Washington Street, Suite 5100<br>Orlando, FL 32801 |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney |
|---|
| Lauren M Reynolds<br>329 North Park Avenue<br>Winter Park, FL 32789 |

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

**YOU ARE NOTIFIED** that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

Address: George C. Young Federal Courthouse  
400 West Washington Street  
Orlando, FL 32801

Room: Courtroom 6C, 6th Floor  
Date and Time: Tuesday May 10, 2022 at 10:15AM

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



FILED 01/31/2022

Clerk, U.S. Bankruptcy Court

**\*\*\* Important Notice \*\*\***

**The enclosed Certificate of Service must be filed with the court <u>along with a copy of this summons</u> after service has been made on the parties.**

CSD 3007

[Dntcpsca] [District Notice Scheduling Pretrial/Status Conference Adversary]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No. 6:18-bk-06821-LVV
                                                          Chapter 7

Don Karl Juravin

_____Debtor*_____/

Dennis D. Kennedy, Trustee




           Plaintiff*

vs.                                                       Adv. Pro. No. 6:22-ap-00010-LVV


Green by Phone, Inc. d/b/a Green.Money




_____Defendant*_____/

## NOTICE SCHEDULING PRETRIAL/STATUS CONFERENCE

NOTICE IS GIVEN THAT:

1. A Pretrial/Status Conference will be held on May 10, 2022, at 10:15 AM , before the Honorable Lori V. Vaughan, United States Bankruptcy Judge. The hearing will be held telephonically.

2. All pending motions, other than Motions for Summary Judgment, may be heard at the Pretrial/Status Conference.

3. Parties are reminded to comply with all requirements of Local Rule 7001-1.

4. Telephonic Appearance Requirement. Effective March 16, 2020, and continuing until further notice, Judges in all Divisions will conduct all hearings by telephone.

For cases assigned to Judges Jennemann, Vaughan, Robson, Colton or Williamson, parties should arrange a telephonic appearance through Court Solutions (www.court-solutions.com). NOTE: All parties should proceed to the website and select 'Sign Up'. For unrepresented parties only, before submitting the completed form, you must select 'I am not an attorney' and 'Certified Indigent'. Once the information is submitted you will receive an email with further instructions.

For cases assigned to Judges Delano, Funk, Brown, or McEwen, parties should arrange a telephonic appearance through Court Call (866-582-6878).

5. Avoid Delays. You are reminded that Local Rule 5073-1 restricts the entry of cellular telephones and, except in Orlando, computers into the courthouse absent a specific order of authorization issued beforehand by the presiding judge. Please take notice that as an additional security measure, a photo ID is required for entry into the courthouse.

FOR THE COURT

Dated: January 31, 2022    Sheryl L. Loesch , Clerk of Court
George C. Young Federal Courthouse
400 West Washington Street.
Suite 5100
Orlando, FL 32801

*All references to "Debtor" shall include and refer to both debtors in a case filed jointly by two individuals.

*All references to "Plaintiff" or "Defendant" shall include and refer to multiple plaintiffs or defendants.

## Rule 7001-1

## ADVERSARY PROCEEDINGS -- PROCEDURES

(a)     *General.* This rule applies to all adversary proceedings and, if ordered by the Court, to contested matters. To the extent that the time periods set forth in this rule conflict with those set forth in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or other Local Rules, this rule controls.

(b)     *Injunctive Relief.* If a pleading contains a prayer for injunctive relief pursuant to Fed. R. Bankr. P. 7065, the title of the pleading shall include the words "Injunctive Relief Sought" or the equivalent.

(c)     *Service.* Plaintiff shall serve the summons issued by the Clerk, the complaint, and a copy of this rule within seven days after the summons is issued as required by Fed. R. Bankr. P. 7004(e). If the initial summons and accompanying papers are not timely served, plaintiff shall promptly request the issuance of an alias summons and serve the alias summons together with the complaint and a copy of this rule. Plaintiff must serve all defendants no later than 28 days after the complaint is filed. If an additional party is thereafter named as a plaintiff or a defendant, plaintiff shall serve a copy of this rule on each additional party within seven days of the date that the additional party is named.

(d)     *Proof of Service.* Plaintiff shall promptly file a proof of service indicating the service of each summons, the complaint, and this rule on each defendant.

(e)     *Failure to Effect Service.* If plaintiff does not complete timely and effective service of the summons and complaint, the Court may dismiss the adversary proceeding for lack of prosecution without further notice or hearing. If plaintiff requires additional time to effect service, plaintiff shall file a motion for extension of time.

(f)     *Defaults.* If a defendant has not filed a timely response, plaintiff shall seek entry of a Clerk's default of that defendant and move for judgment by default no later than 60 days after the complaint is filed. If plaintiff requires additional time to apply for the entry of default or to move for judgment by default, plaintiff shall file a motion for extension of time.

(g)     *Initial Disclosures.* Pursuant to Fed. R. Civ. P. 26(f), at or prior to the Meeting of Parties described below, and without any formal discovery requests, each party shall:

(1)     identify in writing the name and, if known, the address and telephone number of each individual with discoverable information relevant to the disputed facts;

(2)     provide copies of or a written description by category and location of all documents that are relevant to the disputed facts;

(3)     provide a written computation of any damages claimed; and

    (4) provide a copy of any insurance agreement that may be available to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

  (h) ***Meeting of Parties.*** At least 14 days prior to the initial status or pretrial conference, the attorneys for the parties or the parties, if not represented by an attorney, shall meet (the "Meeting of Parties") to discuss:

    (1) the parties' claims and defenses;

    (2) the possibility of settlement;

    (3) the initial disclosures required in subsection (g) above; and

    (4) a discovery plan as required by Fed. R. Civ. P. 26(f). Unless otherwise ordered by the Court, the parties may orally announce their discovery plan at the pretrial or status conference and need not file a written report.

  (i) ***Pretrial or Status Conference.*** The Court will conduct a status or pretrial conference at any time after a responsive pleading is filed but, in any event, approximately 90 days after the complaint is filed. The parties may not introduce testimony or documentary evidence at the status conference. The Court, however, may consider relevant undisputed facts, affidavits offered without objection from the opposing parties, judicial notice items, and admissions made during the status conference by parties either directly or through counsel.

  (j) ***Discovery.***

    (1) ***General.*** Parties should be familiar with the Local Rules regarding discovery, including Local Rules 7026-1, 7026-2, 7030-1, 7033-1, and 7037-1.

    (2) ***Commencement of Discovery.*** Absent leave of Court, discovery may not commence until the conclusion of the Meeting of Parties.

    (3) ***Discovery Deadline.*** Parties shall complete discovery no later than seven days before the trial date except that the parties may complete previously scheduled depositions up to the trial date.

    (4) ***Discovery Disputes.*** If a discovery dispute occurs, the parties shall first, as required by Fed. R. Civ. P. 37(a)(1), as incorporated by Fed. R. Bankr. P. 7037, confer in good faith to attempt to resolve the issues. If the parties are unable to resolve the dispute, any party may request a telephone conference with the Court so that the Court may render an informal, preliminary ruling on the discovery dispute, without prejudice to the right of any party to file a formal motion.

    (5) ***Discovery Papers Shall Not Be Filed with the Court.*** Consistent with Fed. R. Civ. P. 5, incorporated by Fed. R. Bankr. P. 7005, disclosures under Rule 26 (a)(1) or (2) and the following discovery responses and requests must not be filed with the Court until they

are used in the case or proceeding or the Court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admissions.

    (k)    ***Motions.***

        (1)    ***General.*** A motion filed with the Court shall request only one form of relief unless the request seeks alternative forms of relief under the same provision of the Bankruptcy Code or Federal Rules of Bankruptcy Procedure.

        (2)    ***Format.*** All motions, responses, and replies shall comply with the Court's Style Guide posted on the Court's website, www.flmb.uscourts.gov. Papers shall be double spaced and, where appropriate, include a legal memorandum containing argument and citations of authorities.

        (3)    ***Page Limits.*** Absent leave of Court, motions and supporting memoranda shall not exceed ten pages in length.

        (4)    ***Motions Required to Be Served Using the Court's Negative Notice Procedures.*** The following motions shall be served using the negative notice procedures of Local Rule 2002-4:

            (A)    motions to dismiss and other motions under Fed. R. Bankr. P. 7012;

            (B)    motions to amend pleadings;

            (C)    motions regarding joinder or substitution of parties;

            (D)    motions for leave to intervene;

            (E)    motions to abstain;

            (F)    motions for summary judgment;

            (G)    motions related to discovery;

            (H)    motions for attorney's fees or costs under Fed. R. Bankr. P. 7054; and

            (I)    motions under Fed. R. Bankr. P. 9023 and 9024.

The negative notice legend shall provide for a 14-day response period, except for motions for summary judgment for which the response time shall be 21 days, unless otherwise ordered by the Court. The moving party may file a reply, if desired, no later than seven days after the response is filed.

(5) *Emergency Motions.* The Court will consider emergency motions at any time in its discretion. Emergency motions shall comply with Local Rule 9013-1(d) and shall be filed using the Emergency Filings/Matters/Motions link on the Court's website, www.flmb.uscourts.gov.

(6) *Motions to Determine if the Bankruptcy Court Has Authority to Enter Final Orders or Judgments.* Under 28 U.S.C. § 157(b), the Bankruptcy Court does not have jurisdiction to enter final orders or judgments on claims (a) that are non-core or (b) that are statutorily core but which (i) involve state law claims that arise independently of the Bankruptcy Code and (ii) that are not part of the claims allowance process. A party who seeks a determination that the Bankruptcy Court does not have jurisdiction to enter final orders or judgments on any issue raised in the adversary proceeding shall file a motion for such determination no later than the date set for filing a response to the complaint. A party who fails to timely file such a motion is deemed to have consented to the Bankruptcy Court's entry of final orders and judgments in the proceeding. However, a party's failure to timely file such a motion does not constitute a waiver of that party's right to appeal under 28 U.S.C. § 158.

(7) *Motions for Summary Judgment.* Motions for summary judgment shall be filed no later than 60 days prior to trial. The Court may or may not set a hearing on the motion for summary judgment. Absent order of the Court, the trial will proceed as scheduled even if a motion for summary judgment is pending.

(l) *Pretrial Disclosures of Witnesses and the Use of Depositions.* Fed. R. Civ. P. 26(a)(3) (except with respect to time limits) shall govern pretrial disclosures regarding witnesses and use of depositions. Parties shall file and exchange names, telephone numbers, and addresses for witnesses, and any designations of depositions at least 28 days before trial. Objections to the use of depositions shall be filed within 14 days of the disclosure. Parties shall confer on any factual or evidentiary stipulations prior to trial.

(m) *Exhibits.*

(1) *Exhibits to be Filed and Exchanged via CM/ECF.* Parties shall prepare exhibits in compliance with Local Rule 9070-1 and shall file and exchange exhibits no later than seven days before the date set for trial.

(2) *Self-Authentication of Records of Regularly Conducted Activity.* A party who intends to rely upon the self-authentication procedures of Fed. R. Evid. 902(11) or (12) to introduce into evidence records of regularly conducted activities under Fed. R. Evid. 803(6) shall, within at least 28 days before trial, file with the Court and serve on other parties the written declaration required by Fed. R. Evid. 902(11) or (12) and a copy of all records sought to be admitted.

(3) *Objections to Admissibility of Exhibits.* Written objection to the admission of an exhibit into evidence on the grounds that the exhibit (a) lacks authentication or (b) does not qualify as an exception to the hearsay rule as a record of a regularly conducted activity under Fed. R. Evid. 803(6) must be filed before the close of business on the second day before trial or the objection will be deemed waived.

(n) *Expert Witness Testimony.* Unless the Court orders otherwise, a party who wishes to offer expert testimony at trial shall comply with the requirements of Fed. R. Civ. P. 26(a)(2).

(o) *Stipulations.* All stipulations of the parties shall be made in writing, signed, and promptly filed with the Court.

(p) *Supplementation of Disclosures.* Parties are under a duty to supplement or correct their Initial Disclosures and their Pretrial Disclosures in accordance with Fed. R. Civ. P. 26(e).

(q) *Sanctions.* Failure to comply with all requirements of this rule may result in the imposition of sanctions that could include the striking of a party's pleading or the denial of the right to introduce evidence or witness testimony.

(r) *Settlements.* Pursuant to Local Rule 9019-1, parties shall immediately notify the Court of any settlement and promptly file and serve a motion to approve the compromise in the debtor's main case, not in the adversary proceeding. If the complaint asserts claims under 11 U.S.C. § 523 only, a motion to approve the compromise is not necessary. However, if desired, the parties may seek approval of the settlement by filing a motion in the adversary proceeding.

*Notes of Advisory Committee*

*2019 Amendment*

The amendment to section (k)(4) specifies the types of motions that are required to filed using the Court's negative notice procedures. Amended section (m)(3) provides that written objection to the admission of an exhibit into evidence on the grounds that the exhibit (a) lacks authentication or (b) does not qualify as an exception to the hearsay rule as a record of a regularly conducted activity under Fed. R. Evid. 803(6) must be filed before the close of business on the second day before trial or the objection will be deemed waived. Revised section (k)(4) specifies the types of motions that are required to be filed using negative notice procedures. This amendment is effective July 1, 2019.

*2017 Amendment*

This rule is revised to require that pleadings requesting injunctive relief so state in the title of the pleading. And, consistent with Fed. R. Civ. P. 5, the rule states that discovery papers must not be filed with the Court. Section (k)(6) is revised to more clearly explain that the Bankruptcy Court lacks jurisdiction to enter a final order or judgment in cases that are non-core or that are statutorily core but involve state law claims, as explained by the Supreme Court in *Stern v. Marshall,* 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011). Other amendments are stylistic. This amended rule is effective July 1, 2017.

*2016*

This new rule incorporates the provisions of archived Administrative Order FLMB-2014-10 "Administrative Order Prescribing Procedures for Adversary Proceedings." In addition, section (f)(4) regarding pretrial disclosures is now consistent with Fed. R. Civ. P. 26(f). The rule also clarifies the requirement that motions in adversary proceedings be filed and served using the negative notice procedures of Local Rule 2002-4. This new rule is effective July 1, 2016.

## CERTIFICATE OF SERVICE

I, __Lauren M. Reynolds__, certify that I am, and at all times during the service of process was,
   (name)
not less than 18 years of age and not a party to the matter concerning which service of process was made.
I further certify that the service of this summons and a copy of the complaint and a copy of Local Rule 7001-1
was made __2/4/2022__ by:
         (date)

[X] Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

   See Exhibit A attached.

[ ] Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

[ ] Residence Service: By leaving the process with the following adult at:

[ ] Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

[ ] Publication: The defendant was served as follows: [Describe briefly]

[ ] State Law: The defendant was served pursuant to the laws of the State of _____
as follows: [Describe briefly]                                              (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

2/4/2022                                      _/s/ Lauren Reynolds_
_____                              _____
    Date                                         Signature

| Print Name | Lauren M. Reynolds |
| Winderweedle, Haines, Ward & Woodman, PA | |
| Business Address | P.O. Box 880 |
| City Winter Park, | State FL   Zip 32790-0880 |

In re: Don Karl Juravin, Debtor
Dennis D. Kennedy, Trustee vs. Green By Phone, Inc. d/b/a Green.Money
US Bankruptcy Court, Middle District of Florida
Bankruptcy Case No. 6:18-bk-06821-LVV
Adversary Proceeding No. 6:22-ap-00010-LVV

# Exhibit A

Green By Phone, Inc., d/b/a Green.Money
4250 Keith Bridge Rd., Suite 200
Cumming, GA 30041

Green By Phone, Inc., d/b/a Green.Money
c/o Registered Agent
603 Summit Crossing Way
Cumming, GA 30041